IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01974-BNB

MARIO E. VILLABONA-ALVARADO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
FNU TATERA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Randall Mario E. Villabona-Alvarado is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Atlanta. Mr. Villabona-Alvarado has filed a *pro se* Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 288 (1971) and 28 U.S.C. § 1331. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See* ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint and action.

Mr. Villabona-Alvarado is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621 and BOP Program Statement 5330.10 because he is subject to an Immigration and Customs

Enforcement (ICE) detainer. Although Plaintiff's claims are repetitive, overall he asserts that, even though he has an ICE detainer lodged against him, for purposes of BOP P.S. 5330.10, he is not an ICE detainee and will not be classified as such until he is in the custody of ICE. Plaintiff also asserts that because he is not able to be considered for the reduced sentence of up to twelve months he will suffer cruel and unusual punishment. Finally, Plaintiff contends that P.S. 5330.10 discriminates against him because he is Hispanic. Plaintiff seeks money damages.

Section 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureaus of Prisons." The language in § 3621(e)(2)(B) is discretionary. In P.S. 5330.10, the regulation states expressly that ICE detainees are ineligible for a sentence reduction. Although Plaintiff's claims are at best questionable given the discretion that BOP officials have in determining who may participate in the drug abuse treatment program and, therefore, who may be considered for early release, the Court finds the claims are not ripe for judicial review.

The ripeness doctrine requires the courts to decide only real and substantial controversies, rather than mere hypothetical questions. *See Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297 (1979). The doctrine is drawn not only from Article III limitations on judicial power, but also from the courts' prudential reasons for declining to exercise jurisdiction. *Reno v. Catholic Social Services, Inc.,* 509 U.S. 43, 57, n. 18 (1993). The ripeness doctrine prevents courts from becoming involved in abstract disagreements over administrative policies and protects agencies from judicial

interference until an administrative decision is formalized. *Sierra Club v. U.S. Dept. of Energy*, 287 F.3d 1256, 1257 (10th Cir. 2002).

In determining whether a claim is ripe for adjudication, courts use a threefold inquiry: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1231 (10th Cir. 2001) (quoting *Qwest Communications Int'l. Inc. v. F.C.C.*, 240 F.3d 886, 893-94 (10th Cir. 2001)).

Plaintiff has attached several exhibits to his Complaint. In Exhibit B, a response by the warden to Plaintiff's grievance regarding his alleged denial of an early release, the warden informed Plaintiff that inmates are referred to the residential drug program when thirty-six months or less remain on their sentence. The warden further stated in the response that Plaintiff, as of March 31, 2006, had a GCT (Good Conduct Time) release date sometime in 2012. (Comp. at Ex. B.) The Court further notes that according to the BOP's website Plaintiff's release date is September 12, 2012. Moreover in Exhibit C, a response by the regional director to Plaintiff's same grievance as referenced above, the director states that a formal assessment of Plaintiff's consideration for the drug abuse program and for early release has not been completed.

Therefore, the Court finds that a delayed review by a court would not cause hardship to Plaintiff and that judicial intervention at this time would inappropriately interfere with further administrative action. Furthermore, the Court would not benefit from further factual development of the issues presented. Accordingly, it is

ORDERED that the Complaint and action are dismissed.

DATED at Denver, Colorado, this 13 day of Nov., 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01974-BNB

Mario E. Villabona-Alvarado
Reg. No. 89696-012
FCI - Atlanta
PO Box 150160
Atlanta, GA 30315

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  11/13/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk